T.C. Memo. 1997-218


UNITED STATES TAX COURT


PHILLIP MORENO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11149-96.                    Filed May 8, 1997.


Phillip Moreno, pro se.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM OPINION

LARO, <u>Judge</u>:  The case is before the Court fully stipulated under Rule 122.  Phillip Moreno petitioned the Court to redetermine respondent's determination of a $24,160 deficiency in his 1992 Federal income tax.  We must decide whether petitioner's 1992 gross income includes the gain that he realized in 1992 from

the sale of his personal residence.  We hold it does.  Unless
otherwise indicated, section references are to the Internal
Revenue Code in effect for the relevant year.  Rule references
are to the Tax Court Rules of Practice and Procedure.  Dollar
amounts have been rounded to the nearest dollar.

## Background

All of the facts have been stipulated and are so found.
These facts and the exhibits submitted therewith are incorporated
herein by this reference.  Petitioner resided in Mission Viejo,
California, when he petitioned the Court.  He filed a 1992 Form
1040, U.S. Individual Income Tax Return, using the filing status
of "Single".  He reported on that return that his 1992 gross
income was $10,009, and that his 1992 taxable income was zero.

On October 20, 1992, petitioner sold his residence located
at 168 Salisbury Avenue, Goleta, California (Goleta Property),
for $195,000.  He received net proceeds of $85,113 at the
closing, and he realized a $114,449 gain on the sale.  He
reported his gain on a 1992 Form 2119, Sale of Your Home.  This
form stated that petitioner had not yet purchased a replacement
property, but that petitioner intended to do so within the
replacement period.

On November 2, 1992, petitioner presented his son Rueben
Moreno with a check for $82,113.  Twenty-nine days later, Rueben
Moreno purchased property located at 28 Tamarac Place, Mission
Viejo, California (Tamarac Property), for $157,000. Rueben Moreno

paid the purchase price by presenting a check in the amount of $58,400, using $10,000 that he had previously given to an escrow company as an earnest money deposit and financing the balance through Long Beach Bank by way of a deed of trust on which he was solely liable. Rueben Moreno was listed on the deed as the sole owner of the Tamarac Property.

On July 14, 1994, Rueben Moreno transferred the Tamarac Property to himself and his wife Teresa Moreno as joint tenants. Four months later, Rueben and Teresa Moreno transferred the Tamarac Property to themselves and petitioner as joint tenants. On November 8, 1995, petitioner reconveyed his interest in the Tamarac Property to Rueben and Teresa Moreno as joint tenants.

Petitioner and Rueben and Teresa Moreno resided at the Tamarac Property during all relevant times. Petitioner did not deduct the mortgage interest paid on the Tamarac Property on his 1993, 1994, or 1995 Federal income tax return. Rueben Moreno did.

Respondent determined that petitioner failed to replace the Goleta Property within the replacement period, and that, accordingly, petitioner's 1992 gross income included his $114,449 gain on the property's sale. Petitioner petitioned the Court on June 3, 1996, to redetermine respondent's determination. Petitioner alleged in his petition that he met the requirements under section 1034 which would defer his gain. Petitioner further alleged that Rueben Moreno's name was used on the

documents surrounding the purchase of the Tamarac Property because petitioner was "on disability" and unable to secure a mortgage in his own name. Petitioner further alleged that Rueben Moreno used petitioner's money as the downpayment on the Tamarac Property, and that he and Rueben Moreno intended for petitioner to own the Tamarac Property.

The Court served petitioner on September 20, 1996, with a notice setting this case for trial at the trial session beginning on February 24, 1997, in San Diego, California. On February 24, 1997, petitioner's case was called for trial. Petitioner failed to appear either in person or by representative. Respondent's counsel appeared and submitted this case to the Court fully stipulated. At this time she informed the Court that a representative of petitioner had notified her that petitioner wanted to submit his case to the Court under Rule 122.

By Order dated February 24, 1997, we directed the parties to file with the Court on or before March 26, 1997, memoranda of points and authorities. Respondent filed her memorandum of authorities with the Court on March 7, 1997. Petitioner did not filed a memorandum of points and authorities with the Court.

## Discussion

Section 1034(a) allows an individual to defer the recognition of all or part of any gain realized on the sale of a principal residence if other property is purchased and used by the taxpayer as a new principal residence within the period

beginning 2 years before the date of the sale and ending 2 years after that date.  Section 1034(a) provides that gain is recognized only to the extent that the individual's adjusted sale price of the old residence exceeds his or her cost of purchasing the new residence.

Petitioner did not replace the Goleta Property within the 4-year statutory period.  Although petitioner alleges that he did because Rueben Moreno bought the Tamarac Property on petitioner's behalf, we are not persuaded that such was the case.  The name of Rueben Moreno appeared on all of the documents surrounding the closing of the Tamarac Property, Rueben Moreno was the only person liable on the underlying debt, and Rueben Moreno was the only person listed on the original deed.  It is also relevant that petitioner declared on his 1992 tax return that he had not yet purchased a property to replace the Goleta Property, and that Rueben Moreno had purchased the Tamarac Property before petitioner's 1992 return was filed.  The record does not support petitioner's allegation that he was "on disability" at the time that Rueben Moreno purchased the Tamarac Property.  In any event the fact remains that it was Rueben Moreno who made the purchase.

Even if we were to find that Rueben Moreno purchased the Tamarac Property for petitioner's benefit, which we do not, petitioner would still be outside the scope of section 1034. Section 1034 is strictly construed, see, e.g., Boesel v. Commissioner, 65 T.C. 378, 390 (1975); Lokan v. Commissioner,

T.C. Memo. 1979-380; Bazzell v. Commissioner, T.C. Memo. 1967-101, and the key to nonrecognition afforded therein turns on maintaining continuity of title, Starker v. United States, 602 F.2d 1341, 1351 (9th Cir. 1979); Allied Marine Sys., Inc. v. Commissioner, T.C. Memo. 1997-101; see also Edmondson v. Commissioner, T.C. Memo. 1996-393. When an individual disposes of his or her residence, the new residence must be placed in the taxpayer's name to defer gain under section 1034. Marcello v. Commissioner, 380 F.2d 499, 502 (5th Cir. 1967), affg. on this issue and remanding on other issues T.C. Memo. 1964-299 (gain recognized where title to the new residence was placed in the name of the taxpayer's mother); Snowa v. Commissioner, T.C. Memo. 1995-336 (gain recognized where the divorced taxpayer purchased a new residence where the title to the new residence was jointly placed in the names of the taxpayer and her new spouse and the taxpayer's cost of purchasing her interest in the new residence exceeded the adjusted sale price for her interest in the old residence); May v. Commissioner, T.C. Memo. 1974-54 (gain recognized where title to the new residence was placed in the name of the taxpayer's daughter); see also De Ocampo v. Commissioner, T.C. Memo. 1997-161; sec. 1.1034-1(b)(9), Income Tax Regs. If there is a shift in title from the taxpayer to someone other than the taxpayer, nonrecognition under section 1034 is usually denied. Marcello v. Commissioner, supra.

We hold for respondent.  In so doing, we have considered all allegations of petitioner and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.